*JPMorgan Chase Bank, N.A. v. VTB Bank, P.J.S.C.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand and twenty-five.

PRESENT:  Steven J. Menashi
Eunice C. Lee,
Maria Araújo Kahn,
*Circuit Judges.*

_____

JPMORGAN CHASE BANK, N.A.,

    *Plaintiff-Appellee*,

    v.                                     No. 24-2327

VTB BANK, P.J.S.C.,

    *Defendant-Appellant*.

_____

  *For Plaintiff-Appellee:*               Michael S. Flynn, Marc J. Tobak, Davis Polk & Wardwell LLP, New York, New York.

| | |
|---|---|
| *For Defendant-Appellant*: | JUAN O. PERLA (Jonathan J. Walsh, Matthew W. Henry, Robert C. Ruggiero, *on the brief*), Curtis, Mallet-Prevost, Colt & Mosle LLP, New York, New York. |
| *For Amicus Curiae U.S. Chamber of Commerce:* | SAMIR DEGER-SEN, Latham & Watkins LLP, New York, New York (S.Y. Jessica Hui, Latham & Watkins LLP, New York, New York; Nicholas Rosellini, Latham & Watkins LLP, San Francisco, California; Jennifer B. Dickey, Kevin R. Palmer, U.S. Chamber Litigation Center, Washington, DC, *on the brief*). |

Appeal from orders of the United States District Court for the Southern District of New York (Schofield, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the orders of the district court are **AFFIRMED**.

Defendant-Appellant VTB Bank, P.J.S.C., appeals from orders of the district court finding VTB in civil contempt and imposing a $500,000 fine. After the Treasury Department imposed sanctions on various Russian entities, Plaintiff-Appellee JPMorgan Chase Bank froze one of VTB's banking accounts. VTB challenged that action in a Russian court. JPMorgan then filed this suit, alleging that the Russian litigation violated a forum-selection clause giving the state and federal courts of New York exclusive jurisdiction over disputes regarding VTB's accounts. The district court entered a temporary restraining order and then a preliminary injunction prohibiting VTB from continuing the Russian litigation. After VTB defied the injunction, the district court found VTB in contempt and

2

warned that further defiance would incur a $500,000 fine. VTB again violated the injunction, and the district court imposed the fine.

On appeal, VTB argues that (1) the district court's contempt orders should be vacated, and (2) the $500,000 fine is an improper criminal sanction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

**I**

VTB argues that the district court abused its discretion by finding VTB in contempt. We disagree.

Litigants are generally expected to obey a court's orders. *See GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc.*, 445 U.S. 375, 386 (1980). That remains true even if a litigant believes the order will eventually be reversed or vacated. *See Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 656 (2d Cir. 2004). "[P]ersons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order." *GTE Sylvania*, 445 U.S. at 386. The failure to comply with a court order "is punishable as contempt even though the order is later overturned." *Matrix Essentials, Inc. v. Quality King Distribs., Inc.*, 324 F. App'x 22, 25 (2d Cir. 2009) (quoting *Emery Air Freight Corp. v. Local Union 295*, 449 F.2d 586, 592 (2d Cir. 1971)). But before holding a party in contempt, the court must find that the order was clear and unambiguous, the evidence of noncompliance was clear and convincing, and the party did not diligently attempt to comply. *See Weston Cap. Advisors, Inc. v. PT Bank Mutiara, Tbk*, 738 F. App'x 19, 21 (2d Cir. 2018). We review a district court's finding of contempt under a "more exacting" abuse-of-discretion standard. *Paramedics*, 369 F.3d at 655 (quoting *Perez v. Danbury Hosp.*, 347 F.3d 419, 423 (2d Cir. 2003)).

The district court did not abuse its discretion. VTB admitted that it repeatedly violated the district court's injunction by continuing to litigate in Russia. VTB also consented to the district court's jurisdiction. While VTB may be

3

presumptively immune from the jurisdiction of federal or state courts, VTB waived that immunity by accepting JPMorgan's standard account terms. *See* 28 U.S.C. § 1605(a)(1) ("A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case … in which the foreign state has waived its immunity either explicitly or by implication."). In the account terms, VTB "irrevocably waive[d] and agree[d] not to claim such immunity." J. App'x 120. VTB consented to the district court's exercise of personal jurisdiction through a forum-selection clause. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *Corporación Mexicana de Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploración y Producción*, 832 F.3d 92, 102 (2d Cir. 2016). And VTB even agreed to accept "[a]ll … notices" via specified means. J. App'x 119; *see also* 28 U.S.C. § 1608(b)(1). Because the district court had jurisdiction to impose the preliminary injunction, VTB's admitted violations of that order justify the finding of contempt.

VTB claims that it did not waive its immunity or consent to personal jurisdiction because the account terms in the record apply to a different bank account than the specific account at issue here. To be sure, the account terms JPMorgan submitted into evidence were sent to VTB when it opened a separate bank account. But when accepting the terms, VTB acknowledged that the terms were "standard," that the terms outline JPMorgan's "customary banking practices," and that the terms apply to VTB's "*accounts* and services." J. App'x 112 (emphasis added). These acknowledgments provide evidence that VTB waived its immunity and consented to suit for all of its accounts at JPMorgan, including the one at issue here. At the preliminary injunction stage, a plaintiff need only show a "reasonable probability of ultimate success upon the question of jurisdiction." *Visual Scis., Inc. v. Integrated Commc'ns Inc.*, 660 F.2d 56, 59 (2d Cir. 1981) (quoting *Indus. Elecs. Corp. v. Cline*, 330 F.2d 480, 482 (3d Cir. 1964)). The account terms and the accompanying acknowledgments meet that standard.

4

## II

VTB argues that the $500,000 fine is an improper criminal sanction. We again disagree.

The distinction between a civil and a criminal contempt sanction "turns on the character and purpose of the sanction." *N.Y. State Nat'l Org. for Women v. Terry*, 159 F.3d 86, 93 (2d Cir. 1998). A criminal sanction punishes prior conduct and vindicates the authority of the court. A civil sanction induces compliance with a court order or compensates a wronged party. *See CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 101 (2d Cir. 2016). When the goal is compliance, the "hallmark" of a civil sanction is "that the contemnor is able to purge the contempt" through "an affirmative act." *Id.* (internal quotation marks omitted). In other words, if the sanction is "designed to compel future compliance" and is "avoidable through obedience," it is typically civil rather than criminal. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

The $500,000 fine was a civil contempt sanction. After finding that VTB violated the preliminary injunction, the district court ordered VTB to suspend the Russian litigation and warned that failure to do so would result in a $500,000 fine. VTB chose to ignore that order and continued litigating the case in the Russian court, and the district court followed through on its warning. VTB could have avoided the fine by complying with the order. Even though VTB can no longer purge the contempt, it remains a civil sanction. "[A] court's sanction does not become criminal even if the court does not afford the party an additional opportunity to purge because the sanctions were prompted by the party's previous failure to purge." *CBS Broad. Inc.*, 814 F.3d at 102 (internal quotation marks and alteration omitted). The district court ordered VTB to comply with the injunction or face a fine. VTB decided to ignore the district court and incurred the cost. That is a civil sanction designed to promote compliance with the district court's preliminary injunction.

VTB argues that the size of the penalty shows that the sanction was punitive and therefore criminal. That is incorrect. "The ultimate consideration is whether the coercive sanction—here, a fine—is reasonable in relation to the facts." *Terry*, 886 F.2d at 1353. When fashioning a sanction, courts consider the "magnitude of the harm threatened" through continued disobedience to a lawful order. *Paramedics*, 369 F.3d at 658 (quoting *Perfect Fit Indus. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982)). In this case, VTB's continued disregard for the district court's order exposed JPMorgan to a $500,000 fine from the Russian court. Given the large sums of money at issue in the underlying dispute, the district court's $500,000 fine was reasonable under the circumstances.

*        *        *

We have considered VTB's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6